# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ADAM CLARK,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1449-Orl-31GJK**

**S S GOLF GROUP, INC., ERROL ESTATE COUNTRY CLUB, LTD. and DAVID SCHRADER,**

          **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS SS GOLF GROUP, INC. AND DAVID SCHRADER AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 27)** |
| **FILED:** | November 7, 2011 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

## I.　　BACKGROUND

On August 31, 2011, Plaintiff, Adam Clark, filed a Complaint against Defendants, S S Golf Group, Inc. (hereafter "SS Golf"), Errol Estate Country Club, Ltd. (hereafter "Errol Estate") and

David Schrader (hereafter "Schrader"), for violations of the Fair Labor Standards Act (hereafter "FLSA"). Doc. No. 1. On September 23, 2011, Plaintiff filed the returns of service as to SS Golf and Schrader. Doc. Nos. 11-12. On October 18, 2011, clerk's defaults were entered against SS Golf and Schrader. Doc. Nos. 19-20. On November 7, 2011, Plaintiff moved for an entry of default final judgment against SS Golf and Schrader (hereafter "Motion"). Doc. No. 27.

II. **LAW**

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

III. **APPLICATION**

A. **Wages**

By virtue of the clerk's defaults, SS Golf and Schrader admit they employed Plaintiff from approximately March 2011, to June 2011. Doc. No. 1 at 4, ¶ 20. SS Golf and Schrader also admit

that they failed to compensate Plaintiff, at the rate of one and one-half times his regular hourly rate for all hours he worked that exceeded forty hours. Doc. No. 1 at 4-5. SS Golf and Schrader further admit they paid Plaintiff "below the required minimum wage rate for one or more hours during his employment" and that their violations were willful. Doc. No. 1 at 5, ¶¶ 26b, 27. In his affidavit, Plaintiff avers that he was employed by SS Golf and Schrader to cut grass, rake sand bunkers, repair broken sprinkler heads and perform general property maintenance. Doc. No. 27-4 at 2-3, ¶ 4. Plaintiff avers that he worked "approximately 46 hours per week." Doc. No. 27-4 at 3, ¶ 4. Plaintiff also avers that he was not compensated for "three weeks and three days of employment" and was not paid one and one-half times his regular rate of $7.25 for hours exceeding forty hours per week. Doc. No. 27-4 at 3, ¶¶ 6-7.

In his affidavit, Plaintiff calculates his damages as follows:

> I am owed a total of approximately $3,654.72 in unpaid overtime wages, minimum wages and liquidated damages. I was not paid for approximately three (3) weeks and three days of employment totaling 144 hours. 144 hours x $7.25/hour = $1,044.00. Additionally, I was not paid for approximately 6 overtime hours/week for 12 weeks of employment. 12 weeks x 6 overtime hours/week = 72 overtime hours x $10.88 ($7.25/hour x 1.5) = $783.36. Accordingly, I am owed $1,827.36 in unpaid wages. I am also entitled to liquidated damages in the amount of $1,827.36, for a total of $3,654.72 in unpaid wages.

Doc. No. 27-4 at 3, ¶ 8. Thus, Plaintiff avers that he was not paid at all for 144 hours of work, totaling $1,044.00, and was not paid for 72 overtime hours, totaling $783.36. As identified by Plaintiff, his total damages are $1,827.36. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an equal amount. As set forth in the Motion and supporting affidavit, Plaintiff's total damages are $3,654.72.

3

## B. Attorney's Fees and Costs

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In the Motion, Plaintiff represents that he "does not seek to recover his attorneys' fees incurred in this matter." Doc. No. 27 at 3, ¶ 10. Plaintiff does, however, seek to recover costs in the sum of $828.87. Doc. No. 27 at 3, ¶ 10. Attached to the Motion is a "Case Expense Report" reflecting the individual items and amounts Plaintiff seeks to recover. Doc. No. 27-5.

In an FLSA action, the allowable costs are those set forth in 28 U.S.C. § 1920. *See Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 at *3 (M.D. Fla. Dec. 26, 2006). "It is error for a district court to award costs in excess of those permitted by § 1920." *Id.* The following items are permissible taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the Case Expense Report, Plaintiff seeks to recover for nineteen (19) long distance telephone calls, totaling $35.50. Doc. No. 27-5 at 2. Plaintiff also seeks to recover courier fees

4

($2.48), postage ($6.52), and travel expenses ($77.37), totaling $86.37. Doc. No. 27-5 at 2. These fees, totaling $121.87, are not recoverable because they are not permitted by Section 1920. *See Moore v. Appliance Direct, Inc.*, 2009 WL 909271 at *3 (M.D. Fla. Apr. 1, 2009) (disallowing postage, delivery and travel expenses as taxable costs in an FLSA case). The costs Plaintiff seeks for paying the filing fee ($350.00), process server fees ($329.00) and making copies ($28.00) are recoverable. These costs total $707.00.

**IV. CONCLUSION**

For the above-stated reasons, it is **RECOMMENDED** the Motion be **GRANTED** only to the extent that Plaintiff be awarded $1,827.36 in damages; $1,827.36 in liquidated damages; and $707.00 in costs; otherwise, it is **RECOMMENDED** the Motion be **DENIED**.

**THEREON** it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that a Judgment be entered in favor of Plaintiff and against SS Golf and Schrader in the following amounts:
    a. $1,044.00 in damages for unpaid wages;
    b. $1,044.00 in liquidated damages for unpaid wages;
    c. $783.36 in damages for unpaid overtime;
    d. $783.36 in liquidated damages for unpaid overtime;
    e. $707.00 in costs; and
2. The Motion be otherwise **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is also directed to send a copy of this report and recommendation to SS Golf and Schrader by Certified Mail.**

**DONE and RECOMMENDED** in Orlando, Florida on December 6, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
**Unrepresented Party by Certified Mail**