**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADAM CLARK,**

        **Plaintiff,**

-vs-                                      Case No.  6:11-cv-1449-Orl-31GJK

**SS GOLF GROUP, INC.; ERROL ESTATE**
**COUNTRY CLUB, LTD.; and DAVID**
**SCHRADER,**

        **Defendants.**

_____

## ORDER

      This cause comes before the Court on a motion for summary judgement (Doc. 23) filed by Defendant Errol Estate Country Club, LTD. ("Errol"); and a response (Doc. 29) filed by Plaintiff Adam Clark ("Clark").

**I. Background**

      Plaintiff sues Defendants for failure to pay proper overtime and minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. §216, *et seq*. (the "FLSA"). Clark was employed as a general maintenance worker at a "golf and tennis resort, estate property and country club." (Doc. 1 at 4). In March and June 2011, Defendants allegedly failed to compensate Clark as required under the FLSA. The Complaint asserts three causes of action: failure to pay overtime as required under the FLSA (Count I); minimum wage violation under the FLSA (Count II); and declaratory relief (Count III). Errol moves for summary judgement on the basis that Clark has not established that it was his "employer" under the FLSA.

y

**II. Standard**

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

**III. Analysis**

To determine whether an entity is an employer under the FLSA, courts look to (1) whether or not the employment took place on the premises of the alleged employer; (2) how much control the alleged employer exerted on the employees; and (3) whether or not the alleged employer had the power to fire, hire, or modify the employment condition of the employees. *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995) (quoting *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)). The "suffer or permit to work" standard in the FLSA derives from state child-labor laws designed to reach businesses that used middlemen to illegally hire and supervise children. *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 728 n. 7 (1947). It has been called " the broadest definition [of employee] that has ever been included in one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945). The Act also contemplates joint employment "in which a single individual stands in the relation of an employee to two or more persons at the same time." 29 C.F.R. § 791.2.

In its Motion, Errol concedes that it owned the property where Clark worked, but contends it "exercised absolutely no control" over Clark. Rather, he worked on a golf course which was "leased" to SS Golf. Though Errol references the affidavit of a "representative attesting to the fact that Plaintiff was not an employee of Errol," it provides no evidence to demonstrate its "lack of control." *See* (Doc. 23).[1]

Clark, on the other hand, provides evidence which suggests (1) Errol owned and operated the property where Clark worked; (2) that Clark was hired and supervised by an Errol employee; (3) that

---

[1] The affidavit was not attached to the Motion or otherwise provided to the Court.

his pay records were maintained by Errol's finance manager at the company's corporate headquarters; (4) he was required to wear an Errol uniform; (5) he reported directly to Errol management. (Doc. 29).

Errol has not demonstrated that it is entitled to summary judgement. Therefore, it is **ORDERED** that Defendant's Motion for summary judgement (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 19, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                           _____
                                           **GREGORY A. PRESNELL**
                                           **UNITED STATES DISTRICT JUDGE**